# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1462 | **DATE** | 10/20/2003 |
| **CASE TITLE** | United States of America vs. Randy Kash | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: Defendant's Petition for Habeas Corpus is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 2 1 2003 | |
| | Notified counsel by telephone. | date docketed | 8 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| WAP | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

| UNITED STATES OF AMERICA, |
|
|---|---|
| Plaintiff, | Case No. 02 CV 1462 |
| v. | Hon. Harry D. Leinenweber |
| RANDY KASH, | |
| Defendant. | |



DOCKETED
OCT 21 2003

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Randy Kash's (hereinafter, "Kash" or "Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Petition is denied.

### I. INTRODUCTION

In November 1999, Kash recruited an individual to rob the bank where Kash worked in Skokie, Illinois. Rather than proceed with Kash's plan, the individual chose to assist the authorities as a Cooperating Witness ("CW"). During several recorded conversations, Kash instructed the CW on how he should rob the bank's automatic teller machine ("ATM"). For example, he told the CW that he could intimidate the bank worker servicing the machine by stating "Give me the fucking money. Don't make a move or I'll shoot you. Give me the money." Kash further taught the CW to facilitate his escape by pushing a cart on top of the bank worker, immobilizing him. Kash also supplied the CW with a pellet gun, and instructed him in its use. Finally, to ensure the robbery's success, Kash and the CW

worked out a gesture system as a "go" sign. Under this system, if Kash exited the bank that morning and ran his hand through his hair, the CW should rob the ATM. This constituted Kash's final act in the robbery plan; once Kash signaled, the CW was actually to commit the actual gunpoint robbery.

On the morning of the attempted robbery, Kash walked out of the bank and ran his hand through his hair. In his plea agreement, he admitted that he did so to signal the CW to rob the ATM. However, rather than go through with the robbery, the CW then alerted federal agents who proceeded to arrest Kash.

On December 16, 1999, a grand jury returned a one-count indictment against Kash, charging him with bank robbery in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2. On June 30, 2000, Kash pled guilty to the count in a written plea agreement. On February 14, 2001, the Court sentenced Kash to 51 months imprisonment. Kash appealed his sentence on February 22, 2001, but voluntarily dismissed his appeal on May 2, 2001.

In February 2002, Kash filed this petition for post-conviction relief pursuant to 28 U.S.C. § 2255. He argues that his attorney was constitutionally ineffective because he was "ignorant of important law and cases that impacted the plea, the sentence, and the appeal." Specifically, Kash argues that his attorney failed to counsel him about three possible defenses available to him:

    (1)  Failure to argue that Kash functioned only as an aider and abetter, and that one cannot aid and abet a principal government agent with no

> intention of actually committing the substantive crime.

(2) Failure to object to the three level enhancement for possession of a weapon under Federal Sentencing Guideline § 2B3.1

(3) Failure to object to indictment under 18 U.S.C. § 2113(a), for offense involving "force, violence, or . . . intimidation."

## II. DISCUSSION

### A. Standards for Habeas Corpus

28 U.S.C. § 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To receive relief under 28 U.S.C. §2255, Kash must show a "fundamental defect which inherently results in a complete miscarriage of justice," *United States v. Addonizio*, 442 U.S. 178, 185 (1979), or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).

Here, Kash alleges ineffective assistance of counsel. As an initial matter, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Stickland v. Washington*, 466 U.S. 687, 689 (1984). Indeed, the Court finds ineffectiveness of counsel only when a petitioner establishes both prongs of a strict two part test: (1)

Petitioner must show that his attorney made errors so serious that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment; (2) Petitioner must show these errors prejudiced his defense, denying him a fair trial with a reliable result. *Id.* at 687.

### B. Propriety of the Charge Against Kash

Kash first argues that his attorney negligently failed to inform him that "the charge didn't fit the facts." Specifically, Kash argues that although he was charged and pled guilty to an "attempt to take, by intimidation, from the person and presence of another, money belonging to . . . LaSalle Bank," he functioned not as a principal, but only as an aider and abetter. Kash acknowledges that the law usually provides for prosecuting aiders and abetters as principals. However, Kash claims that to "aid and abet" a crime, there must be a crime in the first place. Kash contends that since the CW only desired to effect his arrest, and never attempted to rob the bank, the CW committed no genuine "attempt." Since there was no "attempt," Kash insists he could not legally "aid and abet" an attempt.

At first glance, Kash's argument finds significant support in both the Seventh Circuit and other circuits as well. The Court addresses Seventh Circuit law first. In recent cases, the Seventh Circuit has used two slightly different tests to define "aiding and abetting" without clearly supplanting one test with the other. The tests are nearly identical and both based on Judge Learned Hand's formula that to aid and abet a crime, a defendant must "in some sort

associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." *United States v. Peoni*, 100 F.2d 401, 402 (2d Cir. 1938).

The first of the Seventh Circuit's tests was crystalized in *United States v. Beck*, 615 F.2d 441 (7th Cir. 1980) and utilized last in *United States v. Stott*, 245 F.3d 840, 904 (7th Cir. 2001). The test states that "the aiding and abetting standard has two prongs -- association and participation." *Beck*, 615 F.2d at 448. The second test, articulated by *United States v. Zafiro*, 945 F.2d 881, 887 (7th Cir. 1991), *aff'd*, 506 U.S. 534 (1993), and recently used in *United States v. Hunt*, 272 F.3d 488 (7th Cir. 2001), contains three criteria: (1) knowledge of the illegal activity that is being aided and abetted; (2) a desire to help the activity succeed; (3) some act of helping. *Zafiro*, 945 F.2d at 887.

The tests differ only in superficial distinctions in language. Indeed, the Seventh Circuit has at times used the tests interchangeably. *United States v. Woods*, 148 F.3d 843, 849-850 (7th Cir. 1998). Indeed, though the Seventh Circuit has never said so explicitly, this Court reads *Zafiro* and its progeny as explaining *Beck*, not putting forth an entirely new test.

Such a reading defeats one possible argument in Petitioner's favor: that *Beck* defines "aiding and abetting" as requiring a principal with criminal intent. (Petitioner did not specifically

make this argument. However, as Petitioner appears *pro se* and the Court sees this argument as plausible, albeit incorrect, the Court has elected to consider it in addition to Petitioner's delineated arguments.) In *Beck*, the Court defined its first prong of association as requiring that "there must be evidence to establish that the [aiding and abetting] defendant shared in the criminal intent of the principal." *Beck*, 615 F.2d at 44. One could read this as suggesting that without the principal having a criminal intent to "share," the defendant cannot aid or abet.

However, Seventh Circuit jurisprudence does not support such an interpretation. *Beck*, *Zafiro* and their progeny dealt with questions about whether defendant-abetters' intent was significant enough to render them criminally liable. *Beck*'s creation of the shared intent doctrine thus arose as a need for a judicially created standard to determine how severe an individual's intent must be to render him guilty of aiding and abetting. This is reflecting in *Zafiro*'s refining the "association" test into a defendant having "a desire to help the activity succeed," as stating that a defendant "actually *wants* [the principal] to succeed." *Zafiro*, 945 F.2d at 887. Here, defendant admits his clear intent to aid and assist in a bank robbery and share in the proceeds. He therefore meets the "association" or, more precisely, the "desire" prong of the test.

Petitioner also argues that to prove "aiding and abetting" the State must first show that the principal committed an underlying crime. Here, the CW never attempted to rob the bank, and therefore

- 6 -

petitioner arguably could not "aid and abet" an attempt. Petitioner's argument might succeed in other Circuits. *U.S. v. Barnett*, 667 F.2d 835 (9th Cir. 1982); *U.S. v. Standefer*, 610 F.2d 1076 (3rd Cir. 1979); *White v. U.S.*, 366 F.2d 474 (10th Cir. 1966).

However, the petitioner does not succeed under the law of the Seventh Circuit -- as the "participation" or "act of helping" prong makes clear. For an individual to meet the portion of test, they must merely "commission an overt act designed to aid the commission of that offense." *Beck*, 615 F.2d at 448. There is no requirement for the crime to actually have occurred. Here, petitioner instructed the CW on how to conduct the robbery, supplied the CW with a pellet gun, and gave the CW the final green-light by agreed upon signal. These certainly qualify as "overt acts" under the "participation" element of the *Beck* test. Thus, the Court finds Petitioner committed "aiding and abetting" as defined by the Seventh Circuit.

Further, since "every indictment implicitly includes an aiding and abetting charge" there was no need for the indictment to specifically mention the words "aiding and abetting." *United States v. Renner*, 238 F.3d 810, 814 (7th Cir. 2001). The indictment's accusation that petitioner "did attempt to take" legally doubles as a charge of "aiding and abetting an attempt to take." Additionally, the petitioner's act of giving the go-ahead signal certainly qualifies as the "substantial step" required to commit attempt. *United States v. Romero*, 189 F.3d 576, 589-590 (7th Cir. 1999). As the Court finds "aiding and abetting" and "attempt" it consequently

finds that, contrary to petitioner's assertion, the charge did indeed fit the facts.

As a result, the Court holds that Petitioner's lawyer did not err by recommending a plea agreement. This agreement ensured Petitioner received three fewer points on the Federal Sentencing Guidelines for accepting responsibility. Had petitioner's lawyer instead suggested this non-meritorious defense, petitioner would likely have a longer sentence than that imposed by the Court. Therefore, with respect to this decision by petitioner's lawyer, the Court fails to find ineffective assistance of counsel.

### C. Propriety of Sentencing Enhancement for Weapons

Kash argues that the three level enhancement for possession of a weapon should not apply to his sentence because, he "did not possess the weapon upon which the enhancement was based." However, the Guidelines demand that a Court calculate sentencing according to all characteristics a defendant "specifically intended" when attempting the crime. *Guideline* § 2X1.1, Application Note 2. Here, Petitioner supplied the CW with the pellet gun and instructed him how to use it. The Court thus concludes that Petitioner "specifically intended" that the CW would use the pellet gun to further the robbery. Based on this, the Court finds Petitioner's sentencing enhancement for weapons possession appropriate under *Guideline* § 2B3.1(b)(2)(E). Consequently, the Court rejects Petitioner's argument that his attorney acted ineffectively in failing to raise this issue at sentencing. This is particularly true in light of the

fact that, despite Petitioner's contentions, his attorney objected to the enhancement and the Court denied those objections.

### D. Propriety of Sentencing Enhancement for Force, Violence, or Intimidation

Kash further claims that the Court improperly applied *Guideline* § 2B3.1 to his sentence. Here, Kash argues that since he was seized by law enforcement agents before the weapon was used in the attempt, he cannot be convicted for the use of force, violence, or intimidation.

Once again, Kash fails to understand the Guideline's requirements that sentencing occur according to the characteristics a defendant "specifically intended." Therefore, the guidelines provide for enhancing the sentence of any criminal who plans a robbery involving force, violence, or intimidation. It is immaterial that authorities intervened before the criminal's plans had an opportunity to manifest. *United States v. Bolden*, 132 F.3d 1353, 1355 (10th Cir. 1997).

Here, Kash supplied a pellet gun and instructed the CW on how to verbally intimidate the bank worker. He also taught the CW how to immobilize the bank worker in order to facilitate escape. Therefore, he was properly indicted and properly pled guilty to an offense under 18 U.S.C. § 2113(a) due to the planned use of force, violence, or intimidation in Petitioner's attempted crime. As such, Petitioner has no claim for ineffective assistance of counsel on this issue.

The legal arguments that Kash presents to the Court are without merit. Accordingly, his privately-retained counsel cannot be faulted for failing to present them to the court. Kash fails to overcome the presumption that his counsel's conduct "falls within the wide range of reasonable professional assistance." *Stickland*, 466 U.S. at 689. Indeed, Kash fails to present any evidence that his counsel was constitutionally deficient or that his counsel's strategies, taken in proper contemplation of the law, prejudiced Kash in any way. Accordingly, his Petition for Habeas Corpus on the basis of ineffective assistance of counsel is denied.

## CONCLUSION

For the reasons stated above, Defendant's Petition for Habeas Corpus is **DENIED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: October 20, 2003